IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD STEPPE,

    Petitioner,                   No. CIV S-09-3452 GEB KJM P

    vs.

ATTORNEY GENERAL,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a county jail inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the filing fee.

        Petitioner seeks a stay of criminal proceedings, but has not supported his request. In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court recognized that principles of federalism and comity dictate that a federal court should abstain from intervening in ongoing state criminal proceedings absent extraordinary circumstances.

        A challenge to pending state proceedings is strictly limited, yet petitioner does not allege that his right to a speedy trial has been violated or that he has been put once in jeopardy, both of which are cognizable. See McNeely v. Blanas, 336 F.3d 822, 832 (9th Cir. 2003) (speedy trial violation); Manness v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992) (double jeopardy).

1

1  Finally, it does not appear that petitioner has exhausted state remedies.  The
2 exhaustion of available state remedies is a prerequisite to a federal court's consideration of
3 claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509
4 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by providing
5 the highest state court with a full and fair opportunity to consider all claims before presenting
6 them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768
7 F.2d 1083, 1086 (9th Cir. 1986).  After reviewing the petition for habeas corpus, the court finds
8 that petitioner has failed to exhaust state court remedies.  The claims have not been presented to
9 the California Supreme Court.  Further, there is no allegation that state court remedies are no
10 longer available to him.

11  Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
12 a writ of habeas corpus be dismissed for failure to exhaust state remedies.

13  These findings and recommendations will be submitted to the United States
14 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
15 twenty-one days after being served with these findings and recommendations, petitioner may file
16 written objections with the court and serve a copy on all parties.  Such a document should be
17 captioned "Objections to Findings and Recommendations.  Petitioner is advised that failure to
18 file objections within the specified time may waive the right to appeal the District Court's order.
19 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED: April 6, 2010.

_____
U.S. MAGISTRATE JUDGE

2
step3452.156